Charles R. Virginia, Esq. (CV 8214)
VIRGINIA & AMBINDER, LLP
111 Broadway, Suite 1403
New York, New York 10006
Office Tel. No.: (212) 943-9080
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAT ANGELO, JOSEPH DEVITA, ROBERT GARIEPY, JOHN F. CAPO, STEPHEN DOHERTY, WILLIAM DERENZIS, JEFFREY DUFFY, as Trustees of the B.A.C. LOCAL 4 PENSION AND ANNUITY FUNDS, MICHAEL PETERSON, RUDOLPH RICCIARDI, ROBERT EPIFANO, JOSEPH SPERANZA, JR., MICHAEL SCHMERBECK, JACK KOCSIS, KENNETH SIMONE, JOHN F. CAPO, JEFFREY DUFFY, DONALD ENGELHARDT, KEVIN DUNCAN, RICHARD TOLSON, as Trustees of the NEW JERSEY B.A.C. HEALTH FUND, JAMES R. PRISCO, JR., RUDOLPH RICCIARDI, JOSEPH SPERANZA, JR., JOHN F. CAPO, JEFFREY DUFFY, DONALD ENGELHARDT AND LEON JONES, JR., as Trustees of the NEW JERSEY BM&P APPRENTICE AND EDUCATION FUND, JOHN FLYNN, JAMES BOLAND, GERALD O'MALLEY, KEN LAMBERT, GERARD SCARANO, H. J. BRAMLETT, EUGENE GEORGE, ROBERT HOOVER, MATTHEW AQUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO, BENJAMIN CAPP, and WILLIAM MCCONNELL as Trustees of, and on behalf of, the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, JIM ALLEN, MATTHEW AQUILINE, LON BEST, JAMES BOLAND, TED CHAMP, RAYMOND CHAPMAN, VINCENT DELAZZERO, BRUCE DEXTER, JOHN FLYNN, EUGENE GEORGE, GREGORY HESS, FRED KINATEDER, DAN KWIATKOWSKI, KEN LAMBERT, SANTO LANZAFAME, DICK LAUBER, WILLIAM MCCONNELL, EDWARD NAVARRO, GERALD O'MALLEY, JOHN PHILLIPS, CHARLES RASO, MARK ROSE, KEVIN RYAN, GERARD SCARANO, MICHAEL SCHMERBECK, PAUL SONGER, JOSEPH SPERANZA, and FRED VAUTOUR as Trustees of, and on behalf of, the INTERNATIONAL MASONRY INSTITUTE, and JOHN F. CAPO, as SECRETARY TREASURER OF NJ BAC ADMINISTRATIVE DISTRICT COUNCIL, <br><br> Plaintiffs, <br><br> -against- <br><br> NFI CO., INC., <br><br> Defendant. | 09 Civ. _____ <br><br><br><br> **COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their

Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer welfare, pension and annuity fringe benefit funds through their respective Boards of Trustees, and by a union through its President, for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the Funds and remit dues checkoffs and other contributions deducted from the wages paid to employees who authorize said deductions in writing to the union.  This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and reports to the Funds and to remit dues checkoffs and other contributions to the union when due, Defendant violated the relevant Collective Bargaining Agreements with the Union and the respective Trust Agreements with the Funds, as well as committed violations of ERISA.

## JURISDICTION

2.      This Court has subject matter jurisdiction over this action pursuant to Sections 502(e)(1) and (f), and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145, and § 301(c) of the LMRA, 29 U.S.C., 29 U.S.C. § 185(c).

## VENUE

3.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 185 and 29 U.S.C. § 1132(e)(1).  Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a).

## THE PARTIES

4.      Plaintiffs Pat Angelo, Joseph DeVita, Robert Gariepy, Joseph Puzio III, John F. Capo, Stephen Doherty, William DeRenzis and Jeffrey Duffy are the employer and employee trustees of the B.A.C. Local 4 Pension and Annuity Funds (hereinafter, the "Local 4 Pension and Annuity Funds").   The Local 4 Pension and Annuity Funds are multi-employer, labor-management trust funds, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302 of the LMRA, 29 U.S.C. § 186.  The Local 4 Pension and Annuity Funds are employee benefit plans within the meaning of Sections 3(2)(A), 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A) and (37)(A).   The Local 4 Pension and Annuity Funds maintain their principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

5.      The Local 4 Pension and Annuity Funds are third-party beneficiaries under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

6.      The Local 4 Pension and Annuity Funds are multiemployer benefit funds which have standing to sue pursuant to § 502(d)(1) of ERISA, 20 U.S.C. § 1132(d)(1).

7.      Michael Peterson, Rudolph Ricciardi, Robert Epifano, Joseph Speranza, Jr., Michael Schmerbeck, Jack Kocsis, Kenneth Simone, John F. Capo, Jeffrey Duffy, Donald Engelhardt, Kevin Duncan and Richard Tolson are the employer and employee trustees of the New Jersey B.A.C. Health Fund (hereinafter the "N.J. BAC Health Fund").   The N.J. BAC

Health Fund is a multi-employer, labor-management trust fund, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302 of the LMRA, 29 U.S.C. § 186.  The N.J. BAC Health Fund is an employee welfare plan within the meaning of Sections 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(1) and (37)(A).  The N.J. BAC Health Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

8.      The N.J. BAC Health Fund is a third-party beneficiary under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

9.      The N.J. BAC Health Fund is a multiemployer benefit fund which has standing to sue pursuant to § 502(d)(1) of ERISA, 20 U.S.C. § 1132(d)(1).

10.      James R. Prisco, Jr., Rudolph Ricciardi, Joseph Speranza, Jr., John F. Capo, Jeffrey Duffy, Donald Engelhardt and Leon Jones, Jr. are the employer and employee trustees of the New Jersey BM&P Apprentice and Education Fund (hereinafter the "Apprentice Fund"). The Apprentice Fund is a multi-employer, labor-management trust fund, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5).   The Apprentice Fund is an employee benefit plan within the meaning of Sections 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(2) and (37)(A). The Apprentice Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

11.      The Apprentice Fund is a third-party beneficiary under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

12.     The Apprentice Fund is a multiemployer benefit fund which has standing to sue pursuant to § 502(d)(1) of ERISA, 20 U.S.C. § 1132(d)(1).

13.     Plaintiffs John Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Robert Hoover, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent Delazzero, Benjamin Capp, and William McConnell are the employer and employee representatives and the trustees (hereinafter the "International Trustees") of the Bricklayers & Trowel Trades International Pension Fund (the "International Pension Fund").   The International Pension Fund is a multi-employer, labor-management trust fund, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5).   The International Pension Fund is an employee benefit plan within the meaning of Sections 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A).   The International Pension Fund maintains its principal place of business at 620 F Street, N.W., Washington, District of Columbia 20004.

14.     The International Pension Fund is a third-party beneficiary under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

15.     The International Pension Fund is a multiemployer benefit fund which has standing to sue pursuant to § 502(d)(1) of ERISA, 20 U.S.C. § 1132(d)(1).

16.     Jim Allen, Matthew Aquiline, Lon Best, James Boland, Ted Champ, Raymond Chapman, Vincent Delazzero, Bruce Dexter, John Flynn, Eugene George, Gregory Hess, Fred Kinateder, Dan Kwiatkowski, Ken Lambert, Santo Lanzafame, Dick Lauber, William Mcconnell, Edward Navarro, Gerald O'Malley, John Phillips, Charles Raso, Mark Rose, Kevin Ryan, Gerard Scarano, Michael Schmerbeck, Paul Songer, Joseph Speranza, and Fred Vautour are the trustees

of, and sue on behalf of the International Masonry Institute ("IMI").  The IMI is an employee benefit plan with the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a multi-employer plan within the meaning of Section 3(37) ERISA, 29 U.S.C. § 1002(37).  The IMI Trustees bring this action on behalf of, and for the benefit of, the beneficiaries of the IMI in their respective capacities as fiduciaries.  The IMI maintains its principal place of business at 620 F Street, N.W., Washington, District of Columbia 20004.

17.     The IMI is a third-party beneficiary under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

18.     The IMI is a multiemployer benefit fund which has standing to sue pursuant to § 502(d)(1) of ERISA, 20 U.S.C. § 1132(d)(1).

19.     Plaintiff John F. Capo is the Secretary Treasurer of NJ BAC Administrative District Council (the "Union"), and brings this action for dues checkoffs and other contributions in his representative capacity.  The Union is a labor organization within the meaning of Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4).  The Union maintains its principal place of business at 14 Plog Road, Fairfield, New Jersey 07004.

20.     Upon information and belief, at all times relevant hereto, Defendant NFI CO., INC. ("NFI") was and is a corporation doing business in the State of New Jersey as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the

Taft-Hartley Act, 29 U.S.C. § 185.  Upon information and belief, NFI maintains its principal

place of business at 105 Plauderville Avenue, Garfield, New Jersey 07026-0202.

## BACKGROUND

21.    The Plaintiffs Local 4 Pension and Annuity Funds, N.J. BAC Health Fund and

Apprentice Fund (hereinafter, collectively, the "Local 4 Benefit Funds") and the International

Pension Fund and IMI provide employee fringe benefits to members of the Union.

22.    Defendant NFI is a signatory to the Collective Bargaining Agreement with the

Union establishing the terms and conditions of employment for employees of NFI working as

bricklayers, cement masons, plasterers, pointer caulkers, cleaners, fire proofers, stone masons,

brick pavers and exterior marble masons (hereinafter, "Covered Work") within the geographical

jurisdiction of the Union.

23.    Pursuant to the Collective Bargaining Agreement, NFI agreed to pay to the

Plaintiff Funds fringe benefit contributions and to forward dues checkoffs for each hour worked

by employees of Defendant NFI covered by the Collective Bargaining Agreement.

24.    Defendant NFI employed certain employees covered under the Collective

Bargaining Agreement during this period and continuing.

25.    Upon information and belief, NFI has not fulfilled its statutory and contractual

obligations to pay the required fringe benefit contributions to the Funds and to remit dues

checkoffs and other contributions deducted from the wages paid to employees who perform work

covered by the Collective Bargaining Agreement.

26.    During the period August 9 through September 6, 2008, NFI performed work in

Union City, New Jersey for general contractor Epic Contractors, Inc. (the "Union City Project").

Based on shop steward reports, NFI failed to pay: (1) benefit contributions to the Local 4 Benefit Funds in the amount of $3,022.40; (2) benefit contributions to the Plaintiffs International Pension Fund and the IMI in the amount of $392.00; and (3) dues checkoffs to the Union in the amount of $363.20 on the Union City Project for the period August 9 through September 6, 2008.

**FIRST CLAIM FOR RELIEF**

27.     Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs hereof.

28.     As a result of work performed by individual employees of Defendant NFI, pursuant to the Collective Bargaining Agreement, there became due and owing to Plaintiff Local 4 Benefit Funds from Defendant NFI fringe benefit contributions in the amount of $3,022.40 for work performed at the Union City Project during the period August 9 through September 6, 2008.

29.     This failure, refusal or neglect of Defendant NFI to make the required contributions to Plaintiffs Local 4 Benefit Funds constitutes a violation of the Collective Bargaining Agreement with respect to which Plaintiff Funds are third-party beneficiaries.

30.     Pursuant to the Policy for Collection of Delinquent Contributions adopted by the trustees of the Local 4 Benefit Funds, an employer that fails to make prompt and timely payment of fringe benefit contributions shall be subject to an interest charge at a rate of ten percent (10%) per annum of the amount owing, plus liquidated damages of twenty percent (20%) of the amount owing.

31.     Accordingly, Defendant NFI is liable to Plaintiff Local 4 Benefit Funds for benefit contributions in the amount of $3,022.40 for work performed at the Union City Project during

August 9 through September 6, 2008, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

### SECOND CLAIM FOR RELIEF

32.     Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs hereof.

33.     As a result of work performed by individual employees of Defendant NFI, pursuant to the Collective Bargaining Agreement, there became due and owing to Plaintiffs International Pension Fund and the IMI from Defendant NFI fringe benefit contributions in the amount of $392.00 for work performed at the Union City Project during the period August 9 through September 6, 2008.

34.     This failure, refusal or neglect of Defendant NFI, to make the required contributions to Plaintiffs International Pension Fund and the IMI constitutes a violation of the Collective Bargaining Agreement with respect to which Plaintiff Funds are third-party beneficiaries.

35.     Accordingly, Defendant NFI is liable to Plaintiffs International Pension Fund and the IMI for benefit contributions in the amount of $392.00 for work performed at the Union City Project during the period August 9 through September 6, 2008, plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

## THIRD CLAIM FOR RELIEF

36.     Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs hereof.

37.     Pursuant to the Collective Bargaining Agreement, Defendant NFI, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to the employees of Defendant NFI performing Covered Work who authorized such deduction in writing.

38.     Upon information and belief, pursuant to the Collective Bargaining Agreement, and as a result of work performed by individual employees of Defendant NFI who authorized said deduction in writing, Defendant NFI deducted as and for dues checkoffs the amount of $363.20 for work performed the Union City Project during August 9 through September 6, 2008.

39.     No part of the dues checkoffs contractually due the Plaintiff Union has been remitted by Defendant NFI to Plaintiff Union, although all unremitted dues checkoffs have been duly demanded, and the sum of $363.20 remains unpaid.

40.     Accordingly, Defendant NFI is liable to Plaintiff Union for unremitted dues in the amount of $363.20 for work performed the Union City Project during August 9 through September 6, 2008.

## FOURTH CLAIM FOR RELIEF

41.     Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs hereof.

42.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

43.     Upon information and belief, Defendant NFI by the terms of the Collective Bargaining Agreement, failed to pay and submit the required monetary contributions and reports to the Local 4 Benefit Funds due as a result of Covered Work performed by individual employees of Defendant NFI.  Such failure to make payment and submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

44.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a Plaintiff Funds the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the Plaintiff Funds' plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

45.     Accordingly, Defendant NFI is liable to the Local 4 Benefit Funds for the payment and submission of the required monetary contributions and reports to the Local 4 Benefit Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

## FIFTH CLAIM FOR RELIEF

46.     Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs hereof.

47.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

48.     Upon information and belief, at all times material hereto, Defendant NFI by the terms of the Collective Bargaining Agreement, failed to pay and submit the required monetary contributions and reports to the Plaintiffs International Pension Fund and the IMI due as a result of work performed by individual employees of Defendant NFI.  Such failure to make payment and submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

49.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

50.     Accordingly, Defendant NFI is liable to the Plaintiffs International Pension Fund and the IMI for the payment and submission of the required monetary contributions and reports to the International Pension Fund and the IMI as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

## SIXTH CLAIM FOR RELIEF

51.     Plaintiffs repeat and reallege the allegations set forth in all preceding paragraphs hereof.

52.     Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant NFI is required to timely pay and submit benefit contributions and reports to the

Plaintiffs Local 4 Benefit Funds and remit dues checkoffs for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.

53.     Upon information and belief, Defendant NFI has failed to timely pay and submit benefit contributions to Plaintiffs Local 4 Benefit Funds, remit dues checkoffs to the Plaintiff Union, and is currently in breach of its obligations under the Collective Bargaining Agreement. Defendant's prior conduct demonstrates a significant likelihood that they will continue to breach the terms of the Collective Bargaining Agreement.

54.     Plaintiffs have no adequate remedy at law to insure that Defendant will adhere to the terms of the Collective Bargaining Agreement.

55.     Plaintiffs Local 4 Benefit Funds will suffer immediate and irreparable injury unless Defendant and its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and reports to Plaintiffs Local 4 Benefit Funds for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.  Plaintiff Union will suffer immediate and irreparable injury unless Defendant, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to remit dues checkoffs, for so long as they remain obligated to do so pursuant to the Collective Bargaining Agreement.

56.     Accordingly, Plaintiffs Local 4 Benefit Funds and the Union request that this Court issue an injunction permanently enjoining Defendant NFI, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to Plaintiffs Local 4 Benefit Funds for the term

of the Collective Bargaining Agreement.   Plaintiff Union requests that this Court issue an injunction permanently enjoining Defendant NFI, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing, or neglecting to deduct and remit dues checkoffs for the term of the Collective Bargaining Agreement.

**WHEREFORE**,

(1)     Plaintiffs Local 4 Benefit Funds demand judgment on their First Claim for Relief against NFI for benefit contributions in the amount of $3,022.40 for work performed at The Union City Project during August 9 through September 6, 2008, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

(2)     Plaintiffs International Pension Fund and the IMI demand judgment on their Second Claim for Relief against NFI, for benefit contributions in the amount of $392.00 for work performed at the Union City Project during August 9 through September 6, 2008, plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

(3)     Plaintiff Union demands judgment on its Third Claim for Relief against NFI, for unremitted dues checkoffs in the amount of $363.20 for work performed The Union City Project during August 9 through September 6, 2008;

(4)     Plaintiffs demand judgment on their Fourth Claim for Relief against NFI, for the payment and submission of the required monetary contributions and reports, and for the

additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132;

(5)     Plaintiffs demand judgment on their Fifth Claim for Relief against NFI, for the payment and submission of the required monetary contributions and reports, and for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132);

(6)     Plaintiffs demand injunctive relief on their Sixth Claim for Relief against Defendant NFI permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to plaintiffs Local 4 Benefit Funds for the term of the Collective Bargaining Agreement;

(7)     granting such other and further relief as the Court may deem just and proper.


Dated: New York, New York
           January 6, 2009

                              **VIRGINIA & AMBINDER, LLP**


                    By:     _____/s/_____
                              Charles R. Virginia, Esq. (CV 8214)
                              *Attorneys for Plaintiffs*
                              Trinity Centre
                              111 Broadway, Suite 1403
                              New York, New York 10006
                              Office Tel. No.: (212) 943-9080