**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
:
PAT ANGELO, et al.,                :
:
      Plaintiffs,                :
:    Civil Action No. 09-45 (JAG)
      v.                       :
:    **OPINION**
NFI CO., INC.,                     :
:
      Defendant.                :
_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion seeking entry of default judgment (Docket Entry No. 7) filed by all plaintiffs.[1] Plaintiffs seek entry of default judgment against

---

[1] Plaintiffs are: Pat Angelo, Joseph DeVita, Robert Gariepy, John F. Capo, Stephen Doherty, William DeRenzis, and Jeffrey Duffy, as Trustees of the BAC Local 4 Pension and Annuity Funds ( the "Local 4 Pension and Annuity Funds"); Michael Peterson, Rudolph Ricciardi, Robert Epifano, Joseph Speranza, Jr., Michael Schmerbeck, Jack Kocsis, Kenneth Simone, John F. Capo, Jeffrey Duffy, Donald Engelhardt, Kevin Duncan, and Richard Tolson, as Trustees of the New Jersey BAC Health Fund (the "N.J. BAC Health Fund"); James R. Prisco, Jr., Rudolph Ricciardi, Joseph Speranza, Jr., John F. Capo, Jeffrey Duffy, Donald Engelhardt, and Leon Jones, Jr., as Trustees of the New Jersey BM&P Apprentice and Education Fund (the "Apprentice Fund") (collectively  "Local 4 Benefit Funds"); John Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H.J. Bramlett, Eugene George, Robert Hoover, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent Delazzero, Benjamin Capp, and William McConnell as Trustees of, and on behalf of, the Bricklayers & Trowel Trades International Pension Fund (the "IPF"); Jim Allen, Matthew Aquiline, Lon Best, James Boland, Ted Champ, Raymond Chapman, Vincent Delazzero, Bruce Dexter, John Flynn, Eugene George, Gregory Hess, Fred Kinateder, Dan Kwiatkowski, Ken Lambert, Santo Lanzafame, Dick Lauber, William McConnell, Edward Navarro, Gerald O'Malley, John Phillips, Charles Raso, Mark Rose, Kevin Ryan, Gerard Scarano, Michael Schmerbeck, Paul Songer, Joseph Speranza, and Fred Vautour as Trustees of, and on behalf of, the International Masonry Institute (the "IMI"); and John F. Capo, as Secretary Treasurer of the NJ BAC Administrative District Council (the "Union") (collectively, "Plaintiffs").

defendant, NFI Co. Inc. ("Defendant"), pursuant to FED. R. CIV. P. 55(b).  Plaintiffs seek all damages stemming from alleged violations of collective bargaining agreements, trust agreements, and the Employee Retirement Income Security Act of 1974 ("ERISA").  Plaintiffs also seek unpaid interest, liquidated damages, attorneys' fees, court fees, and service fees.  For the reasons stated below, this motion shall be granted

## I. FACTS

Plaintiffs Local 4 Benefit Funds, IPF, and IMI provide employee fringe benefits to members of the Union.  (Compl. ¶ 21.)  Local 4 Benefit Funds and the IPF are multi-employer, labor management trust funds, organized and operated pursuant to various collective bargaining agreements.  (Id. at ¶¶ 4, 7, 10, 13.)  The IMI is an employee benefit plan and multi-employer plan. (Id. at ¶ 16.)  Defendant signed a Collective Bargaining Agreement ("CBA") with the Union establishing the terms and conditions of employment for employees of NFI working within the geographical jurisdiction of the Union.  (Id. at ¶ 22.)  Pursuant to the CBA, Defendant agreed to pay fringe benefit contributions and forward dues checkoffs[2] for each hour worked by Defendant's employees covered by the CBA.  (Id. at ¶ 23.)

Defendant has not fulfilled its statutory and contractual obligations to pay the required fringe benefit contributions to Plaintiffs and to remit dues checkoffs, and other contributions deducted from the wages paid to employees who performed work covered by the CBA. (Id. at ¶ 25.)  Specifically, from August 9 to September 6, 2008, Defendant performed work in Union City, New Jersey for Epic Contractors, Inc.  (Id. at ¶ 26.)  Based on shop steward reports,

---

[2] A checkoff is "[a]n authorized withholding of union dues, fees, fines and assessments from the wages of union members and a turning over of such withheld money over to the union." Webster's Third New International Dictionary 382 (1993).

Defendant failed to pay "(1) benefit contributions to Local 4 Benefit Funds in the amount of $3,022.40; (2) benefit contributions to the IPM and IMI in the amount of $392.00; and (3) dues checkoffs to the Union in the amount of $363.20 on the Union City Project for the period August 9 through September 6, 2008." (Id.)  These outstanding amounts total $3,777.60.

On January 6, 2009, Plaintiffs filed this action seeking payment of the $3,777.60, plus interest, liquidated damages and attorney's fees.  On January 14, 2009, Defendant paid the delinquent contributions and dues checkoffs.  (Decl. Of Charles R. Virginia in Supp. of Pls.' Mot. For Default J., dated May 20, 2009 ("Virginia Decl.") ¶ 8.)  On February 4, 2009, the Complaint was served on Defendant.  (Id. at ¶ 7.)  On May 20, 2009, Plaintiffs moved for entry of default judgment, seeking payment of $2,496.20 in unpaid interest, liquidated damages, attorneys' fees, and costs.[3]  (Id. at ¶¶ 10-22.)  On November 20, 2009, Plaintiffs' counsel filed a revised declaration seeking a total of $3,315.10.  (Decl. Of Charles R. Virginia in Supp. of Pls.' Mot. For Default J., dated November 20, 2009 ("Second Virginia Decl.") ¶ 22.)  The increase was based entirely on additional attorney's fees.[4]

## II. LEGAL STANDARD

FED. R. CIV. P. 55 governs the entry of default and default judgment. A party seeking

---

[3] The total amount of $2,496.20 consists of the following:

| | |
|---|---|
| interest on unpaid contributions to the Local 4 Benefit Funds | $    88.60 |
| liquidated damages to Local 4 Benefit Funds | $  604.48 |
| interest on unpaid contributions to the IPF and IMI | $    17.24 |
| liquidated damages to the IPF and IMI | $    78.40 |
| attorney's fees | $1,237.28 |
| court costs | $  470.20 |

[4] The new amount of attorney's fees is $2,056.18, representing an additional 4.85 hours of work. (Second Virginia Decl. ¶ 18.)

default judgment is not entitled to such relief as a matter of right, even where the defendant is technically in default. See E.I. Du Pont de Nemours & Co. v. The New Press, Inc., 1998 WL 159050, at *2 (E.D. Pa. Mar. 16, 1998) (quoting Wright, Miller & Kane, Fed. Practice & Procedure, Civil 2d § 2685). "The threshold issue in opening a default judgment is whether a meritorious defense has been asserted." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). "[A] meritorious defense is presumptively established when the 'allegations of defendant's answer, if established on trial would constitute a complete defense to the action.'" Id.

When considering a motion for default judgment, a court must exercise sound judicial discretion. See Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). The Third Circuit has identified three factors courts should consider when weighing whether to enter a default judgment: "(1) prejudice to plaintiff if default judgment is not granted; (2) whether defendant has a meritorious defense; and (3) whether defendant's delay or failure to respond was the result of culpable misconduct." E.I. Dupont de Memours & Co., 1998 WL 159050, at *2 (citing Harad, 839 F.2d at 982). The Third Circuit has repeatedly stated its strong preference that cases be disposed of on the merits, and required that district courts determine whether any sanction short of a default judgment would be effective. See Hritz, 732 F.2d at 1181.

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." United States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)). Default does not establish liability for the amount of damages claimed by the plaintiff. Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or

4

susceptible of mathematical computation."). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). In determining the amount, the district court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 65 (1944).

### III. JURISDICTION

Before a district court can enter default judgment against a party that has not filed responsive pleadings, the court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

This Court has subject matter jurisdiction over the present case, pursuant to Sections 502(e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145, and § 301(c) of the Labor Management Relations Act, 29 U.S.C. § 185(c). This Court has federal question jurisdiction over this action, pursuant to 28 U.S.C. § 1331. This Court also has personal

jurisdiction over Defendant, since Defendant has its principal place of business in New Jersey. (Compl. ¶ 20.)

### IV. ANALYSIS

**A.     Default Judgment**

Defendant failed to appear, or otherwise plead, in response to the Complaint which was filed on January 6, 2009 (Docket Entry No. 1) and served on February 4, 2009 (Docket Entry No. 3). Additionally, Defendant failed to respond to the instant motion, which was filed on May 20, 2009. (Docket Entry No. 7.) Plaintiff sought entry of default by the Clerk on May 15, 2009. (Docket Entry No. 5.) The Clerk entered default on May 18, 2009. (Docket Entry No. 6.) This Court finds that default judgment is appropriate under Fed. R. Civ. P. 55(b)(2).

**B.     Damages**

Plaintiffs request $3,315.10 in damages. The amount requested is calculated pursuant to 29 U.S.C. § 1132(g)(2) and the Collective Bargaining Agreement. Section 1132(g)(2) of Title 29 of the United States Code states that:

> [T]he court shall award the plan (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of--(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of twenty percent of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate. For the purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. §1132(g)(2) (2009). In accordance with this section, Plaintiff is entitled to the unpaid interest, liquidated damages, reasonable attorney's fees, and costs of this action. Based on this section the following calculation results:

<u>Local 4</u>

A. Interest accrued on the principal debt at 10% per annum up to January 14, 2009.............$88.60

B. Liquidated damages of 20% of the unpaid contributions ...............................................$604.48

<u>IPF and IMI</u>

A. Interest accrued on the principal debt at 15% per annum up to January 14, 2009.............$17.24

B. Liquidated damages of 20% of the unpaid contributions..................................................$78.40

<u>Other damages</u>

A. Attorney's fees.......................................................................................................$2,056.18[5]

B.  Court costs..............................................................................................................$470.20[6]

Total amount of damages...............................................................................................$3,315.10

## V. <u>CONCLUSION</u>

For the reasons set forth above, this Court shall grant Plaintiffs' motion (Docket Entry No. 7) for default judgment.

Date: December 1, 2009

        S/Joseph A. Greenaway, Jr.
        JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[5] The attorney's fees were billed at a rate of $200.00 per hour and the legal assistants at a rate of $90.00 per hour.  A total of 12.61 hours were spent on the case, yielding a total of $2,056.18. (Second Virginia Decl. ¶ 18.)

[6] The United States District Court filing fee is $350.00, and the service fee is $120.20. (Second Virginia Decl. ¶ 19.)